O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2625 PSG (PLAx) | Date | July 16, 2010 |
|---|---|---|---|
| Title | Novelette Mack v. WMC Mortgage Corp. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order DENYING Plaintiff's Request to Remand Case to State Court**

On July 14, 2009, Plaintiff Novelette Mack ("Plaintiff") filed this *pro se* action in Los Angeles County Superior Court. On April 9, 2010, Defendants removed the action to this Court. *See* Dkt # 1. On June 3, 2010, Plaintiff filed an "opposition" to that removal, requesting "injunctive relief to stay in Los Angeles Superior Court Without Further Removal." *See* Dkt # 5. The basis of Plaintiff's request is her contention that removal was untimely. *See id.* at ¶ 11.

Challenges to removal based on procedural defects, however, must be made within 30 days after the filing of the notice of removal, or the right to such a challenge is waived. *See* 28 U.S.C. § 1447(c); *Vasquez v. N. County Transit Dist.,* 292 F.3d 1049, 1060 n. 5 (9th Cir. 2002). Untimeliness of removal is a procedural defect. *See Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212-13 (9th Cir. Cal. 1980). Here, Plaintiff's objection to removal, which is based on the notice of removal's supposed untimeliness, was filed more than 30 days after the filing of the notice of removal. Plaintiff's objection is therefore not well taken, and her request that the case be remanded is denied.

**IT IS SO ORDERED.**